# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD DEAN MEARS,**

      **Plaintiff,**

**v.**                                          **Civil Action No. 3:06cv95**
                                                  **(Judge Broadwater)**

**DOMINIC A. GUTIERREZ,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On September 13, 2006, the *pro se* plaintiff, initiated this case by filing an Emergency Petition for Medical Treatment, construed as a civil rights complaint pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971). That same day, the Clerk issued a Deficiency Notice advising Plaintiff that he was required to either pay the full filing fee or file a request to proceed as a pauper. Plaintiff was sent all the forms necessary to make such a request.

On September 20, 2006, Plaintiff filed a Motion and Application for Leave to Proceed Without Prepayment of Fees and Without Consent to Collection of Fees. In essence, Plaintiff requested permission to proceed without being required to pay any portion of the $350 filing fee. In support of his motion, Plaintiff argued that because it is the government's obligation to provide him medical services, he should not have to pay a fee to obtain such treatment. Thus, Plaintiff requested that the Court grant him *in forma pauperis* ("IFP") status without considering any the funds in his prisoner account and without requiring him to consent to the collection of fees when funds are available in that account.

On September 25, 2006, Plaintiff's motion was denied because 28 U.S.C. § 1915(b)(1)

specifically states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." Therefore, the undersigned found that the Court could not grant Plaintiff the relief sought and directed the Clerk to resend copies of the appropriate IFP forms to Plaintiff. Plaintiff was given until October 23, 2006, to file the completed forms and was advised that the failure to do so could result in the dismissal of his case. Despite this warning, as of the date of this Opinion, Plaintiff has failed to file the necessary forms, has not requested an extension of time to do so, nor otherwise explained the reasons for failing to comply with the Court's directive.

Accordingly, it is hereby recommended that this case be DISMISSED without prejudice for the failure to prosecute unless the Court hears to the contrary within ten (10) days from the date of this Order. Any pleadings, motions, letters or other documents filed in response to this Report and Recommendation shall also be submitted to the Honorable W. Craig Broadwater, United States District Judge.[1]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 31, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).